IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| TAAVON EPPS : | |
| : | |
| : | Case No.: 1:25-cv-01609 |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| JACK DORSEY, *ET AL*. : | Removed from the Circuit Court for |
| : | Baltimore City, Maryland, |
| : | Case No. C-24-CV-25-002651 |
| Defendants. : | |

**NOTICE OF REMOVAL**

Defendant Jack Dorsey, by undersigned counsel, and with the consent of the other Defendants, hereby provides notice pursuant to 28 U.S.C. §§ 1441 and 1446 of the removal of the above-captioned case from the Circuit Court for Baltimore City, Maryland, to the United States District Court for the District of Maryland, Northern Division.[1] As grounds for removal, Mr. Dorsey states as follows:

**BACKGROUND**

1.  On April 1, 2025, Plaintiff filed his Complaint against Mr. Dorsey, Mr. Grassadonia,[2] and Block, Inc. in the Circuit Court for Baltimore City, Maryland. *See* Case No. C-24-CV-25-002651 (the "State Court Action").[3] His complaint seeks in excess of $32 million. A copy of the Complaint and Summons is attached as Exhibit 1.

---

[1] By filing this Notice of Removal, Mr. Dorsey does not waive any argument as it relates to lack of personal jurisdiction. A Motion to Dismiss addressing Mr. Dorsey's lack of personal jurisdiction argument is forthcoming.

[2] Plaintiff's handwritten complaint inadvertently misspelled Mr. Grassadonia's name as "Grassadona."

[3] It is not clear as to whether Block, Inc. (including Cash App) and Mr. Grassadonia are Defendants. The only summons requested and issued was for Jack Dorsey and the docket on Maryland Judiciary Case search shows Mr. Dorsey as the only Defendant. Out of an abundance of caution, this Notice of Removal treats all those that are listed as Defendants and the forthcoming Motion to Dismiss is filed on behalf of all the Defendants.

2.      A copy of the Complaint, along with a Writ of Summons addressed to Jack Dorsey, was received by Mr. Dorsey's employer, Block Inc., via certified mail on April 22, 2025.[4] *See* Exhibit 1.

## **DIVERSITY JURISDICTION**

3.      This Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Jurisdiction and venue in this Court are appropriate pursuant to 28U.S.C. § 1441(a), because this Court is the United States District Court for the district and division embracing the place where the State Court Action was filed.

4.      First, removal is proper because there is complete diversity of citizenship between the real parties in interest. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990); *Navarro Sav. Ass'n v. Lee*, 466 U.S. 458, 460-61 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."); *Roche v. Lincoln Prop. Co.*, 373 F.3d 610, 613 (4th Cir. 2004) (same).

5.      Plaintiff alleges in his Complaint that he is a resident of the state of Maryland. Taavon Epps is an individual and he identifies his address as 3800 Belverder Ave., Baltimore Maryland 21223 on the Writ of Summons and 225 N. Gilmore Street, Baltimore, Maryland 21223 as the return address on the certified mail envelope. *See* Exhibit 1.[5] Therefore, Plaintiff is a citizen

---

[4] Mr. Dorsey notes that there is a "RFS," or "Remote Forwarding Service" label, contained on the USPS certified mail envelope. *See* Exhibit 1. The RFS is affixed on top of the original, handwritten address, which indicates that Plaintiff mail the summons and complaint to 1455 Market Street, San Francisco, California, 99103. This handwritten address is not the principal place of business for Block, Inc. For the reasons set forth in the forthcoming Motion to Dismiss, service on Mr. Dorsey was ineffective.

[5] The Maryland Judiciary Case Search website also lists the 225 N. Gilmore Street address as Plaintiff's address for the State Court Action.

of the State of Maryland for the purpose of determining the existence of diversity of citizenship under 28 U.S.C. § 1332.

6. Defendant Jack Dorsey is an individual. Mr. Dorsey resides in and maintains his legal residence in Texas. Thus, Mr. Dorsey is domiciled in the State of Texas, and he is not a citizen of Maryland for purposes of determining the existence of diversity jurisdiction under 28 U.S.C. § 1332.

7. Defendant Brian Grassadonia is an individual. Mr. Grassadonia resides in and maintains his legal residence in the State of Utah. Thus, Mr. Grassadonia is domiciled in the State of Utah, and he is not a citizen of Maryland for purposes of determining the existence of diversity jurisdiction under 28 U.S.C. § 1332.

8. Block, Inc. is a financial services and technology company that is incorporated in the State of Delaware. Its principal place of business is 1955 Broadway, Oakland, California. Cash App is an operating unit of Block, Inc., that operates a financial services platform. Thus, Block, Inc. (and Cash App) is not a citizen of the State of Maryland for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332.

9. Therefore, as set forth above, there is complete diversity between the parties.

10. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the District of Maryland is the proper venue for removal, because Baltimore City, Maryland, the place where Plaintiff filed the State Court Action, is located within the District of Maryland.

## PROCEDURAL COMPLIANCE

11. Removal of this action is timely. 27 U.S.C. § 1446(b) provides that, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the

defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"

12.	The Defendants first received notice of the filing of the Complaint on April 22, 2025 when Block received a copy of the Complaint and summons for Mr. Dorsey. As such, this Notice of Removal is being filed with the United States District Court for the District of Maryland within thirty (30) days after the Defendants first received notice of the filing of the Complaint.

13.	Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the District of Maryland is the proper venue for removal because Baltimore County, Maryland, the place where Plaintiffs filed the State Court Action, is located within the District of Maryland.

14.	All of the Defendants are represented by undersigned counsel and consent to removal. *See* U.S.C. 1446(b)(2).

15.	Pursuant to U.S.C. 1446(a), the Defendants have attached a copy of the Summons and Complaint that were received on April 22, 2025.

16.	The Defendants serve contemporaneously with this filing a copy of this Notice of Removal upon Plaintiff. The Defendants will also file a Notice of Filing of Notice of Removal with the Clerk for the Circuit Court for Baltimore City, Maryland, as required by 28 U.S.C. § 1446(d).

17.	By filing a Notice of Removal in this matter, the Defendants do not waive their right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue. No admission of fact, law, or liability is intended by this Notice, and the Defendants specifically reserve the right to assert any defenses and/or objections to which the Defendants may be entitled.

18.	Based upon the foregoing, this Court has jurisdiction over this matter pursuant to

28 U.S.C. § 1332, and this action has been properly removed to this Court.

WHEREFORE, Defendant Jack Dorsey hereby gives notice that the above-captioned, action, currently pending the Circuit Court for Baltimore City, Maryland is hereby removed to this Court.

> Respectfully submitted,
>
> JACK DORSEY, BRIAN GRASSADONIA AND BLOCK, INC.
> By Counsel:
>
>   /s/ Matthew D. Berkowitz
> Matthew D. Berkowitz, # 17999
> Andrew F. Stewart, # 25353
> Carr Maloney P.C.
> 2000 Pennsylvania Avenue, NW, Suite 8001
> Washington, D.C. 20006
> (202) 310-5500 (Telephone)
> (202) 310-5555 (Facsimile)
> matthew.berkowitz@carrmaloney.com
> andrew.stewart@carrmaloney.com

## CERTIFICATE OF SERVICE

I certify that, on the 19th day of May, 2025, I caused this document to be served via U.S. Mail on the following:

> Taavon Epps
> 225 N. Gilmore Street
> Baltimore, Maryland 21223
>
> And
>
> 3800 Belvedere Ave.
> Baltimore Maryland 21223
> *Plaintiff*
>
>
>   /s/ Matthew D. Berkowitz
> Matthew D. Berkowitz