IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **TAAVON EPPS,** | |
| *Plaintiff,* | |
| v. | Civil No.: 1:25-cv-01609-JRR |
| **JACK DORSEY,** *et al.*, | |
| *Defendants.* | |

**MEMORANDUM OPINION**

Pending before the court is Defendants' Motion to Dismiss. (ECF No. 7; the "Motion.") The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons set forth below, the Motion will be granted.

**I.   BACKGROUND**[1]

*Pro se* Plaintiff Taavon Epps initiated this action in the Circuit Court for Baltimore City, Maryland (Case No. C-24-CV-25-002651) on April 1, 2025, against Jack Dorsey, Brian Grassadonia,[2] and "Cashapp Company Block Inc."[3] (ECF No. 3; the "Complaint.") As best the court can discern, Plaintiff asserts claims against Defendants for fraud related to his purported Cash App account. *Id.* Plaintiff alleges that, when he was upgrading his Cash App account, it was "deleted by [a] phone represeter" and that every time he resubmits his Cash App application, "the account is closed" due to "identi[t]y verificat[i]on issues." *Id.* at p. 1. Plaintiff avers that, as a

---

[1] For purposes of resolving the Motion, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 3.) *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).
[2] Plaintiff's Complaint misspells Defendant Grassadonia's last name as Grassadona. (ECF No. 3 at p. 1; ECF No. 7 at p. 1.) The court uses the corrected last name for clarity.
[3] Plaintiff's Complaint lists the names Jack Dorsey, Brian Grassadonia, and Cash App Company Block Inc., with a single service address below his own name and address. (ECF No. 3 at p. 1.) The court construes each to be an individual Defendant and refers to "Cash App Company Block Inc." as Block, Inc.

result, he lost "the sum of" $1.2 million in "gold stock," $1.3 million in "silver stock," and a cash balance of $32 million "from transfer[r]ed files." *Id.*

Defendants removed the action to this court on May 19, 2025 (ECF No. 1), and filed the Motion on May 20, 2025. Plaintiff did not respond to the Motion. Moreover, Plaintiff has not provided any record that he has effectuated service upon Defendants prior to or following removal of the action to this court.[4]

## II.  LEGAL STANDARDS

Defendants seek dismissal for lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6), respectively. (ECF No. 7.)

### A. Federal Rule of Civil Procedure 12(b)(2)

Individual Defendants Jack Dorsey and Brian Grassadonia seek dismissal of Plaintiff's Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2). "[A] Rule 12(b)(2) challenge raises an issue for the court to resolve, generally as a preliminary matter." *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). "Under Rule 12(b)(2), a defendant must affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge." *Id.* "[A] court has broad discretion to determine the procedure that it will follow in resolving a Rule 12(b)(2) motion." *Id.* at 268. "[N]either discovery nor an evidentiary hearing is required in order for the court to resolve a motion under Rule 12(b)(2)." *Jones v. Mutal of Omaha Ins. Co.*, 639 F. Supp. 3d 537, 544 (D. Md. 2022). "When 'the existence

---

[4] The court may take judicial notice of matters in the public record and publicly available information on state and federal government websites. *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017).

of jurisdiction turns on disputed factual questions the court may resolve the [jurisdictional] challenge on the basis of a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question.'" *Id.* (quoting *Combs*, 886 F.2d at 676).

"When personal jurisdiction is addressed under Rule 12(b)(2) without an evidentiary hearing, the party asserting jurisdiction has the burden of establishing a *prima facie* case of jurisdiction." *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 226 (4th Cir. 2019). "This '*prima facie* case' analysis resembles the plausibility inquiry governing motions to dismiss for failure to state a claim under Rule 12(b)(6)." *Id.* Thus, the court takes "the allegations and available evidence relating to personal jurisdiction in the light most favorable to the plaintiff." *Grayson*, 816 F.3d at 268. Still, a plaintiff must ultimately "prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs*, 886 F.2d at 676.

### B. Federal Rule of Civil Procedure 12(b)(5)

"A motion to dismiss for insufficient service of process is permitted by Federal Rule 12(b)(5)." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006). "Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *Id.* "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *Id.* (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963) and *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). Because service of summons is a jurisdictional requirement, *see United States v. Perez*, 752 F.3d 398, 406 (4th Cir. 2014), "[w]here a motion to dismiss is filed based on insufficient process or insufficient service of process, affidavits and other materials outside the pleadings may be properly submitted and considered." *Davis v. Maxfield*, No. 5:21-CT-3234-M, 2023 WL 6368319, at *1 (E.D.N.C. Sept.

28, 2023), *aff'd,* No. 23-7015, 2024 WL 1406212 (4th Cir. Apr. 2, 2024), *cert. denied,* 145 S. Ct. 450 (2024) (quoting *Moseley v. Fillmore Co.*, 725 F. Supp. 2d 549, 558 (W.D.N.C. 2010)); *see Howard v. 111th U.S. Cong.*, No. 2:09CV25, 2009 WL 1096514, at *2 (W.D.N.C. Apr. 21, 2009) (same). Accordingly, the court may consider the exhibit referenced by Defendants in their Motion and attached to Defendant's Notice of Removal. (ECF No. 1-1.)

C. **Federal Rule of Civil Procedure 12(b)(6)**

A motion asserted under Rule 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, "a Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the

plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

### III. ANALYSIS

As an initial matter, the court is ever mindful that *pro se* filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards than filings drafted by lawyers. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007); FED. R. CIV. P. 8(e); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Such liberal construction, however, does not absolve Plaintiff from pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

As reflected above, Defendants assert three arguments in their Motion: (1) that this court lacks personal jurisdiction over Defendants Dorsey and Grassadonia, (2) that Plaintiff has failed to effectuate service upon all three Defendants, and (3) that Plaintiff fails to state a claim upon which relief can be granted. (ECF No. 7-1 at pp. 2–6.) As noted previously, Plaintiff has failed to respond to the Motion.

### A. Personal Jurisdiction over Defendants Dorsey and Grassadonia

First, Defendants Dorsey and Grassadonia argue that Plaintiff's Complaint should be dismissed as against them for lack of personal jurisdiction because they are residents of Texas and Utah, respectively. (ECF No. 7-1 at p. 4.) Plaintiff does not allege that Defendants Dorsey and Grassadonia are residents of the State of Maryland "or that they personally engaged in or directed any alleged wrongful activities in Maryland." *Id.* Additionally, Dorsey and Grassadonia assert that the Complaint should be dismissed because they "are corporate officers of Block, Inc. and are not subject to personal jurisdiction in Maryland merely because of their respective corporate positions." *Id.*

"The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Unlike the court's subject matter jurisdiction, "[t]he requirement that the court have personal jurisdiction . . . springs not from Article III of the Constitution, but from the Due Process Clause." *Fidrych v. Marriott Int'l, Inc.,* 952 F.3d 124, 131 (4th Cir. 2019) (citing *Ins. Corp. of Ireland*, 456 U.S. at 702). "Because the personal jurisdiction requirement 'recognizes and protects an individual liberty interest, . . . the requirement may be waived by a defendant's 'express or implied consent to the personal jurisdiction of the court.'" *Id.* (citing *Ins. Corp. of Ireland*, 456 U.S. at 703). "Absent consent, the exercise of personal jurisdiction must comport with the requirements of the Due Process Clause: valid service of process, as well as . . . minimum contacts with the forum so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* (quoting *Hawkins v. i-TV Digitális Távközlési zrt.*, 935 F.3d 211, 228 (4th Cir. 2019)) (citations omitted).

"The nature and quantity of forum-state contacts required depends on whether the case involves the exercise of 'specific' or 'general' jurisdiction." *Id.* The court may exercise general jurisdiction over a defendant when its contacts with the forum are "so constant and pervasive as to render it essentially at home in the forum State." *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 132 (4th Cir. 2020) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014)). Where Plaintiff's Complaint identifies Defendants as located in San Francisco, California,[5] and Defendants provide (albeit not by means of sworn attestation) that Dorsey is a resident of Texas and Grassadonia is a resident of Utah, the court discerns no basis for its exercise of general jurisdiction. (ECF No. 3 at p. 1; ECF No. 7-1 at p. 4.) Accordingly, the court's analysis will focus on whether it may exercise specific jurisdiction over Defendants Dorsey and Grassadonia.

The court may exercise specific jurisdiction over a defendant if it has "continuous and systematic contacts with the forum state and the claims at issue arise from those contacts with the forum state." *Fidrych*, 952 F.3d at 132 (quoting *Daimler AG*, 571 U.S. at 126–27). Under Federal Rule of Civil Procedure 4(k)(1)(A), a federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997). For the court to assert personal jurisdiction over non-resident defendants, like Defendants Dorsey and Grassadonia, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment. *Christian Sci. Bd. Of Dirs. Of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001) (citing *Stover v. O'Connell Assocs. Inc.,* 84 F.3d 132, 134 (4th Cir. 1994)).

---

[5] Plaintiff's Complaint lists the service address for all three Defendants as 1455 Market St., Suite 600, San Francisco, California 94103. (ECF No. 3 at p. 1.)

"The Maryland long-arm statute . . . limits specific jurisdiction to cases where the cause of action arises from any act enumerated in the statute itself. Thus, a plaintiff must identify a specific Maryland statutory provision authorizing jurisdiction." *Johns Hopkins Health Sys. Corp. v. Al Reem Gen. Trading & Co.'s Rep. Est.,* 374 F. Supp. 2d. 465, 472 (D. Md. 2005) (citation omitted); *see also Legends Title, LLC v. Cap. One, Nat'l Ass'n*, 659 F. Supp. 3d 637, 644 (D. Md. 2023) ("Maryland's long-arm statute requires Plaintiffs to identify the section of the long-arm statute on which they rely.") (citing MD. CODE ANN., CTS. & JUD. PROC. § 6-103(a)); *Ottenheimer Publishers, Inc. v. Playmore, Inc*., 158 F. Supp. 2d 649, 652 (D. Md. 2001) (noting that "[i]t is nonetheless necessary first to identify a specific Maryland statutory provision authorizing jurisdiction"). This requirement can be met through a complaint or in opposition to a 12(b)(2) motion. *Hausfeld v. Love Funding Corp*., 16 F. Supp. 3d 591, 597 (D. Md. 2014).

Maryland's long-arm statute provides:

> **(b)** A court may exercise personal jurisdiction over a person, who directly or by an agent:
>
> **(1)** Transacts any business or performs any character of work or service in the State;
>
> **(2)** Contracts to supply goods, food, services, or manufactured products in the State;
>
> **(3)** Causes tortious injury in the State by an act or omission in the State;
>
> **(4)** Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;
>
> **(5)** Has an interest in, uses, or possesses real property in the State; or

8

> **(6)** Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

MD. CODE ANN., CTS. & JUD. PROC. § 6-103(b).

Plaintiff does not identify any provision of the Maryland long-arm statute authorizing this court to exercise specific personal jurisdiction over any Defendant. (ECF No. 3.) Further, he fails to allege facts to support the exercise of specific jurisdiction under Maryland's long-arm statute. *Id.* Indeed, his Complaint is devoid of any facts specific to Defendant Dorsey or Defendant Grassadonia. The court declines to act on behalf of Plaintiff to opine which, if any, statutory provision supports the exercise of specific personal jurisdiction over these Defendants. *See United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (holding that "[i]n our adversarial system of adjudication, we follow the principle of party presentation"); *see also Greenlaw v. U.S.*, 554 U.S. 237, 243 (2008) (holding that in civil cases, "in the first instance and on appeal . . . , we rely on the parties to frame the issue for decision and assign the court the role of a neutral arbiter of matter the parties present"). Because Plaintiff fails to meet his burden to demonstrate the first condition is satisfied (*i.e.*, authorization of jurisdiction under Maryland's long arm statute), the court need not consider whether the second condition—comportment with due process—is met.[6] Accordingly, Defendants' Motion will be granted as to any claims against Defendants Dorsey and Grassadonia for lack of personal jurisdiction.

---

[6] Additionally, the court need not, and declines to, address Defendants' due process argument regarding personal jurisdiction over Defendants Dorsey and Grassadonia as corporate employees of Block, Inc.

B. **Insufficiency of Service of Process**

Defendants also argue that all three Defendants must be dismissed because Plaintiff has failed to serve them properly. (ECF No. 7-1 at pp. 5–6.) Again, the court assesses this argument in the absence of a response from Plaintiff.

Pursuant to Rule 4, a plaintiff must serve a summons and the complaint upon a defendant within 90 days after the complaint is filed. FED. R. CIV. P. 4(c), (m). The analogous provision of the Maryland Rules applicable to the state circuit courts provides: "An action against any defendant who has not been served…is subject to dismissal as to that defendant at the expiration of 120 days from the issuance of original process directed to that defendant." MD. RULE 2-507(b). If a plaintiff fails to effectuate timely service, the court may, "on motion or on its own after notice to the plaintiff," dismiss the action without prejudice as against the defendant. FED. R. CIV. P. 4(m). "Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *Parker v. Am. Brokers Conduit*, 179 F. Supp. 3d 509, 515 (D. Md. 2016) (quoting *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006)). Relevant here, "[w]hen a case is removed to federal court, a plaintiff may be afforded additional time to complete service or to obtain issuance of new process if, prior to the case's removal, 'service of process has not been perfected prior to removal,' or 'process served proves to be defective.'" *Rice v. Alpha Sec., Inc.*, 556 F. App'x 257, 260 (4th Cir. 2014) (citing 28 U.S.C. § 1448).

The Fourth Circuit has explained:

> "[T]he real purpose of service of process is to give notice to the defendant," *Karlsson v. Rabinowitz*, 318 F.2d 666, 669 (4th Cir. 1963), and "'mere technicalities' should not stand in the way of consideration of a case on its merits." *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316–17, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988). "[A]ctual notice," however, is not the controlling standard. *See Mining Energy, Inc. v. Dir., Office of Workers' Comp. Programs*, 391 F.3d 571, 576 (4th Cir. 2004). Although actual notice typically

10

> warrants liberal construction of the rules, they "are there to be followed, and plain requirements . . . may not be ignored." *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

*Scott v. Maryland State Dep't of Lab.*, 673 F. App'x 299, 304 (4th Cir. 2016). Indeed, "[a]ctual notice does not equate to sufficient service of process, even under the liberal construction of the rules applicable to a *pro se* plaintiff." *Id.* at 305–306 (citing *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013)).

Here, the court has no record that Plaintiff has effectuated service. Based on an exhibit provided by Defendants, it appears that Plaintiff attempted to effect service on Defendant Jack Dorsey via certified mail. (ECF No. 1-1 at p. 7.) The letter is stamped as received on April 22, 2025, with an "RFS" or "Remote Forwarding Service" label to "notify sender of new address." *Id*. Although the original mailing address is not visible, Defendants assert the Complaint was sent to Dorsey at the former address of his employer, Block Inc., and that Block, Inc. was not authorized to accept service on his behalf. (ECF No. 7-1 at p. 5.)

"The Maryland Rules and Federal Rules of Civil Procedure do not permit service upon an individual by mailing a summons to their last known place of employment." *Lewis v. Antwerpen Hyundai of Clarksville*, No. CV RDB-18-1393, 2018 WL 5809708, at *5 (D. Md. Nov. 5, 2018) (citing FED. R. CIV. P. 4(e); MD. RULE 2-121(a); *Berrios v. Keefe Commissary Network, LLC*, No. TDC-17-0826, 2018 WL 1123692, at *4 (D. Md. Mar. 1, 2018) ("Neither the federal rules nor Maryland law allow for service of process at a defendant's place of business absent personal service."); *Marinkovic v. Schulz*, No. GLR-16-1461, 2017 WL 6422372, at *2 (D. Md. Aug. 9, 2017) ("Service of process on an individual's place of business does not satisfy Rule 4(e)'s requirements for serving individuals.")). Therefore, Plaintiff's attempted service on Defendant Dorsey at his place of work was ineffective.

With regard to all Defendants, including Dorsey, there is no record before the court (in the instant or state action) showing that service was effected. More than 120 days have passed since the summons was first issued in this matter. *See* MD. RULE 2-507(b); FED. R. CIV. P. 4(c), (m). Further, Plaintiff has not filed a motion to extend time for service or filed a response to Defendants' Motion contesting ineffective service in this court. Accordingly, this action against Defendants is subject to dismissal for insufficient service of process. That notwithstanding, even had Plaintiff properly served all Defendants, his claims fail for the other reasons set forth below.

### C. Adequacy of Plaintiff's Complaint

Finally, Defendants argue that Plaintiff's Complaint should be dismissed with prejudice because it "fails to satisfy minimum pleading requirements." (ECF No. 7-1 at p. 6.) Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level. An adequate complaint must be based on "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 561. Further, under Federal Rule of Civil Procedure 8(a), a pleading that sets forth a claim for relief, shall contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought.

FED. R. CIV. P. 8(a).  Each "allegation must be simple, concise, and direct."  FED. R. CIV. P. 8(d)(1).  Importantly, however, "[t]hreadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Plaintiff's Complaint is properly subject to dismissal because he fails to allege sufficient facts to raise a plausible claim.  Construing the Complaint liberally, the court analyzes Plaintiff's claim as one for fraud.  To bring a common law fraud claim in the State of Maryland, "a plaintiff must show, *inter alia*, 'that the defendant made a false representation' for 'the purpose of defrauding' the plaintiff, and that the plaintiff relied upon the misrepresentation and suffered damages."  *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 782 (4th Cir. 2013) (citing *Parker v. Columbia Bank*, 91 Md. App. 346, 527 (1992)).  "Moreover, a common law fraud claim is subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b)."  *Id.*; *see Layani v. Ouazana*, No. CV ELH-20-420, 2021 WL 805405, at *23 (D. Md. Mar. 3, 2021) ("Claims that sound in fraud, whether rooted in common law or arising under a statute, implicate the heightened pleading standard of Rule 9(b).").  Rule 9(b) states that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  FED. R. CIV. P. 9(b).

Even construed liberally, Plaintiff's Complaint fails to make mention of Block, Inc., Jack Dorsey, or Brian Grassadonia, fails to identify specific wrongdoing or fraud by any Defendant, and is largely indiscernible.  Accordingly, Plaintiff also fails to satisfy the pleading requirements of Rules 8(a) and 9(b).  The Complaint will be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

## IV. <u>CONCLUSION</u>

For the reasons set forth herein, by separate order, the Motion (ECF No. 7) shall be granted, and this case will be dismissed.[7]

October 15, 2025                                                    /S/
                                                                    _____
                                                                    Julie R. Rubin
                                                                    United States District Judge

---

[7] Defendants seek dismissal with prejudice. The court declines to dismiss this action with prejudice. *See Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (stating that "the nature of dismissal" is left to "the sound discretion of the district court").